**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Lauren Barnes** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No.** |
| v. ) | |
| ) | **Jury Trial Demanded** |
| **BMO BANK N.A.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**COMPLAINT**

The Plaintiff, Lauren Barnes, by her attorneys, Keith L. Hunt and Delaney A. Hunt, complains against the Defendant BMO Bank, as follows:

**I.**

**NATURE OF THE ACTION**

1. This is an action for declaratory and injunctive relief and for damages against the Defendant to enforce Plaintiff's rights to be free of gender discrimination in the workplace and for damages cause to Plaintiff and to redress the deprivation of Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*)("Title VII"), under 42 U.S.C. § 1981 ("Section 1981"), and the Illinois Wage Payment Collection Act (820 ILCS 115 *et seq.*).

**II.**

**THE PARTIES**

2. The Plaintiff, Lauren Barnes ("Barnes), is a resident of Oak Lawn, Cook County, Illinois and resides within this judicial district. Plaintiff is also a citizen of Illinois.

3. At all relevant times from February 2022 to May 2023, Plaintiff was employed by BMO Bank at its Evergreen Park branch location.

4. Defendant BMO Bank has a principal place of business at or near 9950 S Kedzie Ave, Evergreen Park, Illinois within this judicial district.

5. The acts complained of against Defendant took place within this judicial district.

### III.

### JURISDICTION AND VENUE

6. Jurisdiction over the Plaintiff's federal law claims exist pursuant to 28 U.S.C. § 1331 as Plaintiff asserts claims which involve Federal Questions under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*) and Plaintiff also asserts claims which involve Federal Questions under 42 U.S.C. § 1981.

7. This Court also has jurisdiction over the parties based on diversity of citizenship under 28 U.S.C. § 1332.

8. The Court has jurisdiction over the parties and the subject matter.

9. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) as the unlawful employment practices stated in this Complaint were committed within the Northern District of Illinois.

10. Venue further lies within this judicial district under 28 U.S.C. § 1391(c), as Defendant BMO Bank does business in this judicial district, including that it operates at least twenty five (25) branches or locations including the Evergreen Park branch (where Plaintiff worked), in this judicial district.

## IV.

## BACKGROUND

11. Plaintiff complains about continued racial harassment and discrimination she experienced while employed with Defendant and for being retaliated against after she complained.

## FACTS

12. While employed at the BMO Bank Evergreen Park branch, Defendant and its Branch Manager, Kinga Nowak, subjected to discrimination based on her race (Black/African American).

13. Plaintiff was treated less favorably than non-African American bankers working in the Evergreen Park branch.

14. Plaintiff was denied opportunities which were afforded to her similarly situated non-African American coworkers.

15. Plaintiff's non-African American coworkers were sent to local companies to sign up new accounts (Bank at Work Days).

16. Plaintiff requested to attend the Bank at Work Days.

17. Plaintiff's Supervisor Kinga Nowak is a white female.

18. Plaintiff asked Supervisor Nowak (white) to attend the Bank at Work Days.

19. Nowak denied Plaintiff the opportunity to attend the "Bank at Work" Days.

20. Bank at Work Days provide bankers the opportunity to sign up new accounts and earn commissions.

21. Nowak conducted weekly meetings with non-African American employees to discuss productivity and make suggestions on how to improve productivity and sales.

22. During these meetings, Nowak explained how a bankers Commission compensation is calculated.

23. During these meetings, Nowak explained how increasing certain types of new accounts, in comparison to other types of accounts, would increase commissions.

24. In the early part Plaintiffs employment, Nowak conducted weekly meetings with Plaintiff.

25. In Fall of 2022, Nowak stopped conducting weekly meetings with Plaintiff.

26. Nowak's failure to treat Plaintiff the same as her similarly situated non-African American coworkers resulted in lower commissions to Plaintiff.

27. During Nowak's meetings with Plaintiff's non-African American coworkers, Nowak advised on how Plaintiff's co-workers could "beat" Plaintiff.

28. Plaintiff was a top performer.

29. Nowak and Defendants created a racially hostile work environment.

30. Nowak commonly referred to the Evergreen Park Branch as "the Black Branch" and/or "the Black Bank" as a reference to its location, at 95th & Ashland Avenue, and the people living in that neighborhood.

31. Nowak made comments about the hairstyles of African American/black employees at the Evergreen Park branch.

32. Nowak told Plaintiff that her "black makeup" or her "dark makeup" was getting on things in the office.

33. Nowak subjected Plaintiff to heighten scrutiny compared to similarly situated non-African American employees.

34. Nowak wrote up Plaintiff for leaving papers on a printer.

35. Nowak did not write up non-African American bankers for leaving papers on the printer.

36. When a non-African American banker left papers on the printer, Nowak would simply return the papers to the banker who left them there.

37. Nowak yelled at Plaintiff in front of customers to demean Plaintiff and to undermine the customer's confidence in and relationship with Plaintiff.

38. Nowak did not yell at non-African American bankers in front of customers.

39. Defendants and Nowak failed to pay Plaintiff all of the commissions due.

40. Defendants paid all of the commissions due to non-African American employees.

41. Nowak treated non-African American employees more favorably than Plaintiff.

42. Plaintiff complained about the failure to conduct weekly reviews and explain Plaintiffs compensation calculations to Nowak's boss, Edgar Villa.

43. Plaintiff requested that Villa meet with Plaintiff while Nowak was on a leave of absence.

44. Villa failed and refused to meet with Plaintiff on three separate occasions.

45. Plaintiff complained about racial discrimination on more than one occasion.

46. Plaintiff complained about Supervisor Nowak's hostile work environment on more than one occasion.

47. Defendant failed to investigate Plaintiff's complaints.

48. Defendant terminated Plaintiff on May 10, 2023 because Plaintiff is African American and in retaliation for Plaintiffs complaints about unlawful discrimination.

## COUNT I
## VIOLATION OF SECTION 1981 – RACE DISCRIMINATION

49. Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-48 of this Complaint and in her charges of discrimination (Exs. 1 & 2) as and for this paragraph.

50. This claim is brought under 42 U.S.C. § 1981.

51. Plaintiff is African American.

52. Defendant's treatment of the plaintiff and other African American employees denied her the full and equal treatment and benefit of all laws for the security of persons and property "as is enjoyed by white citizens" in violation of Section 42 U.S.C. § 1981.

53. Plaintiff was discriminated against and subjected to a racially hostile work environment based on race in violation of Section 42 U.S.C. § 1981.

54. Plaintiff has been denied the opportunity to increase her sales and commissions as a result of Defendant and Nowak's treatment of Plaintiff.

55. Non-African American employees were provided opportunities to advance their sales and increase their commissions.

56. Defendant's discriminatory treatment of Plaintiff was intentional.

57. The disparity in treatment and opportunities offered to white employees over African American employees, including the Plaintiff, was intentional.

58. Because of Plaintiff's race/color, Plaintiff was subjected to materially adverse employment actions, including her termination, the inability to attend Bank at Work Days and the opportunity to meet with her manager and receive training and feedback on how to increase sales and commissions.

59. Plaintiff complained about this discrimination and racial harassment to no avail.

60. As a direct and proximate result of the foregoing acts of racial discrimination and harassment Plaintiff has been damaged in that she has lost or been deprived of income opportunities, suffered anxiety, humiliation and emotional distress, and has otherwise suffered physical or psychological injuries.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court:

    a. Enter judgment in Plaintiff's favor and against BMO Bank;

    b. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert therewith, from discriminating, harassing and retaliating against the Plaintiffs;

    c. Order Defendants to reinstate Plaintiff to her position as Retail Banker, including restoration of Plaintiff's salary, seniority and benefits;

    d. Order that Defendant implement effective steps to eliminate and remediate racial harassment and discrimination in its workplace;

    d. Award the Plaintiff backpay;

    e. Award Plaintiff front pay, if appropriate;

    f. Award the Plaintiff actual damages;

    g. Award Plaintiff compensatory damages;

    h. Award Plaintiff punitive damages;

    i. Award Plaintiff attorneys' fees pursuant to 42 U.S.C. § 1988;

    j. Award Plaintiff her reasonable costs associated with bringing her claims;

    k. Award Plaintiff prejudgment interest on any award of damages

against the Defendants;

l. Award Plaintiff all other relief as the Court deems equitable and just.

## COUNT II
## VIOLATION OF TITLE VII – RACE DISCRIMINATION/RACIAL HARASSMENT

61. Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-60 of this Complaint and in her charges of discrimination (Exs. 1 & 2) as and for this paragraph.

62. This claim is brought under Title VII, 42 U.S.C. §2000e *et seq*.

63. Plaintiff is a member of a protected Class based on her race (African American).

64. Plaintiff and other similarly situated African American employees have been subjected to different treatment on the basis of race, African-American.

65. Plaintiff and other similarly situated African American co-workers in the protected Class were discriminated against and subjected to a hostile work environment based on race in violation of Title VII of the Civil Rights Act.

66. Plaintiff and other similarly situated African Americans were discriminated against in the terms and conditions of their employment, including the inability to attend Bank at Work Days and the opportunity to meet with her manager and receive training and feedback on how to increase sales and commissions.

67. Because of her race/color, Plaintiff and other similarly situated African American employees have been subjected to materially adverse employment actions, including unwarranted discipline and write-ups.

68. Plaintiff has also suffered severe and pervasive racism which has contributed to a hostile workplace environment based on her race.

69. Plaintiff complained about this discrimination and racial harassment to no avail.

70. As a direct and proximate result of the foregoing acts of racial discrimination and harassment Plaintiff has been damaged in that she has lost or been deprived of income opportunities, suffered anxiety, humiliation and emotional distress, and has otherwise suffered physical or psychological injuries.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court:

a. Enter judgment in Plaintiff's favor and against BMO Bank;

b. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert therewith, from discriminating, harassing and retaliating against the Plaintiff;

c. Order Defendants to reinstate Plaintiff to her position as Retail Banker, including restoration of Plaintiff's salary, seniority and benefits;

d. Order that Defendant implement effective steps to eliminate and remediate discrimination in its workplaces;

e. Order that Plaintiff be reinstated and/or promoted, if applicable, to an employment position similarly situated to that from which she was removed/transferred after she complained about sexual harassment, along with commensurate salary, raises, insurance and pension benefits associated with that reinstatement and/or promotion;

f. Award the Plaintiff backpay;

g. Award Plaintiff front pay, if appropriate;

h. Award the Plaintiff actual damages;

i. Award Plaintiff compensatory damages;

j. Award Plaintiff punitive damages;

k. Award Plaintiff attorneys' fees;

    l. Award Plaintiff reasonable costs associated with bringing her claims;

    m. Award Plaintiff prejudgment interest on any award of damages against the Defendants;

    n. Award Plaintiff all other relief as the Court deems appropriate, equitable and just.

## COUNT III
## VIOLATION OF TITLE VII – RETALIATION

71. Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-70 of this Complaint and in her charges of discrimination (Exs. 1 & 2) as and for this paragraph.

72. Plaintiff complained about racial harassment and discriminatory treatment against her based on her race by her supervisor.

73. As a direct and proximate result of Plaintiff's complaints, Defendant retaliated against the plaintiff by:

    a. Refusing to meet with Plaintiff to discuss Plaintiff's current performance;

    b. Refusing to meet with Plaintiff to plan Plaintiff's future performance and account strategies;

    c. Refusing to allow Plaintiff opportunities to earn new business and connections at "Bank at Work" days;

    d. Meeting with Plaintiff's co-workers and developing strategies for co-workers to "beat" Plaintiff, who was a top performer.

    e. Terminating Plaintiff's employment.

74. Defendant took materially adverse employment actions against the Plaintiff.

75. As a direct and proximate result of this conduct Plaintiff has suffered damages.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court:

a. Enter judgment in Plaintiff's favor and against Defendant BMO Bank;

b. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert therewith, from discriminating, harassing and retaliating against the Plaintiff;

c. Order Defendants to reinstate Plaintiff to her position as Retail Banker, including restoration of Plaintiff's salary, seniority and benefits;

d. Order that Defendant implement effective steps to eliminate and remediate discrimination in its workplaces;

e. Order that Plaintiff be reinstated and/or promoted, if applicable, to an employment position similarly situated to that from which she was transferred/removed after she complained about sexual harassment, along with commensurate salary, raises, insurance and pension benefits associated with that reinstatement and/or promotion;

f. Award the Plaintiff backpay;

g. Award Plaintiff front pay, if appropriate;

h. Award the Plaintiff actual damages;

i. Award Plaintiff compensatory damages;

j. Award Plaintiff punitive damages;

k. Award Plaintiff attorneys' fees;

l. Award Plaintiff her reasonable costs associated with bringing her claims;

m. Award Plaintiff prejudgment interest on any award of damages against the Defendant;

n. Award Plaintiff all other relief as the Court deems appropriate, equitable and just.

## COUNT IV
## <u>VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT</u>

76. Plaintiff adopts, re-alleges and incorporates by reference all of paragraphs 1-75 of this Complaint and in her charges of discrimination (Exs. 1 & 2) as and for this paragraph.

77. Plaintiff earned commissions based on new accounts and new business she brought into the bank.

78. On numerous occasions, Plaintiff attempted to question her compensation and the commissions she had earned but was not paid.

79. Defendant failed to pay Plaintiff all of the commissions she earned.

80. Defendants' failure to pay commissions violates the Illinois Wage Payment & Collection Act because Defendant's failed to pay Plaintiff's commission in pay periods in which such commissions were due.

WHEREFORE, Plaintiff requests that this Court:

a. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/3;

b. Enter a monetary judgment in Plaintiff's favor in the amount of her earned but unpaid commissions;

c. Award Plaintiff damages of 5% per month on all commissions not paid;

d. Award Plaintiff prejudgment interest on the amount of her earned but unpaid commissions;

e. Award Plaintiff reasonable attorneys fees, interests and costs of suit; and

   f. Grant such other relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

       Respectfully submitted,
       HUNT LAW, P.C.

       <u>By:/s/ *Delaney A. Hunt* (electronic signature)</u>
       An Attorney for Plaintiff

Keith L. Hunt
Delaney A. Hunt
Hunt Law PC
2275 Half Day Road, Suite 126
Bannockburn, IL 60015
312-558-1300 (telephone)
312-558-9911 (fax)
khunt@huntpclaw.com
dhunt@huntpclaw.com